### JESSUP & MOORE PAPER CO. *v.* PARKER.

*(City Court of New York, General Term.* June 20, 1888.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION—QUESTION FOR JURY.

In an action on a promissory note payable to the order of plaintiff, and indorsed by defendant, it is a question of fact for the jury whether defendant indorsed the note for the express purpose of giving the maker credit with the payee, or for the accommodation of plaintiff.

Appeal from trial term; McADAM, Chief Justice.

Action brought upon two promissory notes made by the Ivanhoe Paper Company, payable to the Jessup & Moore Paper Company, plaintiff, or its order,—one dated August 25, 1887, the other dated September 3, 1887,—and alleged to have been indorsed by S. Wilber Parker, defendant, for the purpose of paying for wood pulp sold and delivered by plaintiff to the Ivanhoe Paper Company on the credit of such indorsement; and that the defendant indorsed the said notes for the purpose of procuring for the said maker a credit with the plaintiff, knowing it would be so applied; and that said notes were so passed and so indorsed by the defendant with his privity, to the plaintiff, in payment for said wood pulp then sold and delivered. It is conceded in appellant's points that the issues were the same as to both notes, and that the only issue litigated on the trial was whether the appellant indorsed said notes expressly for the purpose of, and with the intent of, giving the maker credit with the payees. On this issue the court charged the jury: "Gentlemen, the action, as consolidated, is on two promissory notes made by the Ivanhoe Paper Company to the order of plaintiff. The defendant is sued upon those notes because he indorsed them. The real question in the case, and the question to which I desire to call your particular attention, is this: Were the notes indorsed by the defendant for the accommodation of the Ivanhoe Paper Company, to enable it to obtain credit with the plaintiff, or were they indorsed by the defendant for the sole accommodation of the plaintiff. That is the question in this case. The defendant's theory is that he was not trying to assist the Ivanhoe Paper Company; that they needed no assistance; that the pulp had already been sold to it without any understanding that he was to indorse; hence the Ivanhoe Paper Company was under no obligation to give an indorsement, and he was under no obligation to indorse, but that solely to accommodate the plaintiff he indorsed the notes." The jury found a verdict for plaintiff, on which judgment was entered. The trial judge subsequently denied defendant's motion for a new trial, and defendant brings up both judgment and order denying a new trial for review on this appeal.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Blandy & Hatch* and *Charles Blandy,* for appellant. *E. B. Convers,* for respondent.

McGOWN, J. The issue, being the only one, as above stated, was purely a question of fact, to be determined by the jury upon all the evidence presented before them. It was their province to pass upon the evidence submitted; to give such credit to the testimony of each witness presented before them as in their judgment it was entitled to; and also such weight to the testimony as they deemed it entitled to, after seeing the witnesses upon the stand, and the

manner in which each witness gave his evidence.   Chief Justice McAdam in
his charge presented to the jury the real question at issue, and such issue was
·fully and fairly presented to them by him.   I find no errors in any of the rul-
ings made, and, the jury having found for the plaintiff upon the only ques-
·tion of fact submitted, the order and judgment appealed from must be af-
·firmed, with costs.

BROWNE and EHRLICH, JJ., concurred.